IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TALENTQUEST, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>IMMERSIVE HEALTHCARE TECHNOLOGIES, INC.,<br><br>    Defendant. | No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, TalentQuest, LLC ("Plaintiff" or "TalentQuest"), through its attorneys, hereby demands a jury trial and complains of Defendant Immersive Healthcare Technologies, Inc. ("Defendant" or "IHCT"), as follows:

### NATURE OF THE ACTION

1. This is an action for breach on open account, breach of contract, unjust enrichment, promissory estoppel, and attorneys' fees and expenses.

### PARTIES

2. Plaintiff TalentQuest is a Georgia limited liability company with a principal place of business at 1360 Peachtree Street NE, Suite 200, Atlanta, GA 30309. The members of TalentQuest are Corporate Psychology Resources (a

1

Georgia S corporation), and individuals, Mahim Mishra, Rachel Finglass, Niranjan Nimkar, and Brent Miller (all Georgia residents), Frank Merritt (a Florida resident), and Pramod Chandran (a resident of India).

3. Upon information and belief, Defendant IHCT is a Louisiana corporation with a principal place of business at 15121 LeMoyne Boulevard, Biloxi, MS 39532. IHCT may be served with process by serving its Chief Executive Officer ("CEO"), Dr. William Thallemer.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as this matter is between citizens of different states and as the amount in controversy exceeds $75,000.00.

5. This Court has personal jurisdiction over Defendant because IHCT transacts business in this state and has purposefully availed itself of the privilege of conducting activities in the state; TalentQuest's claims have arisen out of IHCT's activities directed at this state; the exercise of personal jurisdiction over IHCT is constitutionally reasonable; and the exercise of jurisdiction is in accordance with traditional notions of fair play and substantial justice.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (c)(2), and (d).

## FACTUAL BACKGROUND

7. TalentQuest provides HR-related software and consulting as well as bespoke and generic learning content.

8. IHCT is a client of TalentQuest's bespoke learning content.

9. IHCT's CEO, Dr. Thallemer, is a former employee of TalentQuest.

10. When employed by TalentQuest, Dr. Thallemer had been selling TalentQuest products and services to IHCT.

11. After Dr. Thallemer left TalentQuest and took the CEO role full time at IHCT, IHCT continued as a TalentQuest customer.

12. At that time, IHCT was funded by Jeffrey Rollins of Mississippi, an entrepreneur in the pharmaceutical business.

13. TalentQuest produced virtual reality and 3D training on the DaVinci robotic surgery system, which was produced and paid for by IHCT.

14. IHCT has marketed the DaVinci robotic surgery system to military hospitals, among other healthcare providers.

15. In connection with the work TalentQuest was performing for IHCT, IHCT executed several Statements of Work ("SOWs") which set forth, among other things, the scope of TalentQuest's products and services and the price IHCT agreed to pay for same.   The SOWs include the following:

- A January 31, 2020, "TALENTQUEST STATEMENT OF WORK" signed by Mr. Rollins as CIO or Chief Information Officer of IHCT.

- An August 8, 2020, "SOW for creation of tracking on VR and course delivery portal" signed by Dr. Thallemer on August 17, 2020.

- An August 8, 2020, "TALENTQUEST STATEMENT OF WORK" signed by Dr. Thallemer.

- An August 19, 2020, "SOW for incorporating virtual reality changes for Sterilization" signed by Dr. Thallemer.

- An August 19, 2020, "SOW for converting Sterilization and DaVinci VR modules to 360 videos" signed by Dr. Thallemer.

16. On September 8, 2020, Dr. Thallemer also signed a "CHANGE REQUEST FORM" dated September 4, 2020.

17. SOWs agreed to by IHCT included the following provision entitled "PAYMENT TERMS": "All fees will be due and payable within thirty (30) days of receipt of invoice. TalentQuest may assess Client a late fee of 1½% per month (not to exceed the maximum allowed under state law) on all sums not paid when due. Client agrees to pay any and all costs incurred in the collection of charges due and payable, including reasonable attorneys' fees, whether or not a suit or

4

proceeding is instituted. TalentQuest, at its option, may suspend any services provided hereunder, in whole or in part, if TalentQuest does not receive any amount due and owing under this Agreement within thirty (30) days after the due date."

18. TalentQuest was working on sterilization training software for the DaVinci system when, according to news reports, Mr. Rollins was indicted for healthcare fraud.

19. Also according to news reports, Mr. Rollins subsequently pled guilty to conspiracy to commit healthcare fraud and has been sentenced to serve 84 months in prison and to pay money in restitution.

20. Once Mr. Rollins was indicted, IHCT stopped paying almost all of TalentQuest's outstanding invoices.

21. Attached as Exhibit A are copies of the TalentQuest invoices that remain partially or fully unpaid by IHCT.

22. IHCT paid only $7,500.00 of the total amount of $17,500.00 owed on Invoice no. 021924, meaning that IHCT has owed TalentQuest $10,000.00 on that invoice since its due date, June 28, 2020. IHCT has made no payments toward Invoices no. 022227 ($21,200.00 owed since September 28, 2020), no. 022228 ($20,105.58 owed since September 28, 2020), no. 022327 ($6,000.00 owed since

November 1, 2020), no. 022331 ($20,105.00 owed since November 1, 2020), no. 022448 ($20,716.00 owed since December 4, 2020), and no. 022449 ($15,231.50 owed since December 4, 2020).

23. TalentQuest has repeatedly reached out to IHCT about the unpaid invoices and requested payment.

24. On behalf of IHCT, Dr. Thallemer repeatedly acknowledged the debt owed to TalentQuest and promised payment in full, both orally and in writing. Attached as Exhibit B are redacted copies of emails from Dr. Thallemer in which he promised payment.

25. For example, Exhibit B includes a December 2, 2020, email from Dr. Thallemer to Frank Merritt and Mahim Mishra of TalentQuest in which Dr. Thallemer states, in pertinent part: "Apologize for the delay.... The investor was on vacation last week so we are waiting for him to deposit into our account and we will immediately deposit into [TalentQuest]. I have a backup plan if this doesn't materialize fast enough. Again, thanks for your patience and there is no way we are leaving you on the hook."

26. Exhibit B also includes a February 9, 2021, email from Dr. Thallemer to Mr. Mishra and Kirk LaCour in which Dr. Thallemer states: "I wanted to share

6

our payment plan for being accountable for our obligation for work completed by your team. We sold our first account this month and the monies will go directly to you. We should be able to complete our obligation within 4-6 months. As we complete each sale, we will assign those funds to cover our account…. Thank you for your patience and understanding during these challenging times. I will notify you as soon as we receive payments. Thank you again for all your help!"

27. Exhibit B also includes a March 5, 2021, email from Dr. Thallemer to Mr. Mishra in which Dr. Thallemer states: "In response to your recent request for verification of complete payment and the mechanisms for ensuring the retirement of the debt, here is the plan…. We are motivated to get up-to-date with our receivables so that we can make more sales…. We have every intention of paying in full for the products we have received. Thank you for your patience and understanding and as soon as a sale completes, we will be remitting payment to [TalentQuest]."

28. Despite the many promises of payment from Dr. Thallemer, TalentQuest received no payment from IHCT on any of the overdue invoices.

29. Thus, on March 19, 2021, counsel for TalentQuest sent IHCT and Dr. Thallemer by electronic mail and U.S. mail a demand for payment in full of the

money owed to TalentQuest, including late fees, by March 31, 2021. The letter furthermore informed IHCT that TalentQuest would not pursue recovery of its attorneys' fees under the SOWs if IHCT made payment in full by the deadline. A copy of that letter is attached as Exhibit C.

30. Despite TalentQuest's demand, IHCT did not make any payments to TalentQuest on or before March 31, 2021.

31. However, Dr. Thallemer continued to relay to TalentQuest promises to pay the long overdue amounts.

32. Exhibit D is a series of text messages from Dr. Thallemer to Mr. Mishra between November 6, 2020, and April 19, 2021, in which Dr. Thallemer states, among other things, "… still looks like payment before the end of the month"; "Kirk is sending the paperwork to the investor Monday and we should have a check to you within a couple of days of that…"; "…paperwork went out yesterday and we should receive the money Wednesday so we can flip around to you by Friday"; "I will connect with you as soon as it hits our account to let you know that it is coming to your account"; "[c]an you send me the wiring instructions please?"; "signed paperwork went through this am and their money transfer … will happen later this afternoon and then Kirk will transfer to your account…I will keep you in the loop as

it happens"; "they didn't transfer the money Friday due to some issue but will [do] today…I will ask Kirk to reach out once it has hit our account…we are still good."

33.   At the time of the filing of this Complaint, IHCT still has failed to pay any portion of the outstanding amount owed to TalentQuest, much less the amount in full.

## COUNT I
## BREACH ON OPEN ACCOUNT

34.   TalentQuest incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

35.   Through its default and by failing to pay the amounts due on the account, Defendant IHCT has breached its obligations to TalentQuest.

36.   TalentQuest has been damaged by IHCT's breach in the liquidated principal amount of $113,358.08, plus accrued and unpaid late fees/interest of $10,679.89 as of April 28, 2021, pursuant to the terms of the SOWs and O.C.G.A. § 7-4-16, with pre-judgment interest continuing to accrue on the outstanding principal balance per the terms of the SOWs and O.C.G.A. § 7-4-16[1], and with post-judgment interest to run in accordance with applicable law.

---

[1] As an example, the per diem rate for the overdue amount owed on Invoice no. 021924 is $10,000.00 x 0.18 = $1,800.00/365 = $4.93 per diem.  Applying this per

37. As a result of Defendant IHCT's default, Plaintiff TalentQuest is entitled to the entry of judgment against IHCT in an amount equal to the indebtedness as of the date of entry of judgment, plus all attorneys' fees and other costs of this Action and post-judgment interest.

## COUNT II
## BREACH OF CONTRACT

38. TalentQuest incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

39. In the alternative, IHCT has breached agreements with TalentQuest by failing to pay for products and services provided to IHCT by TalentQuest pursuant to the terms of the agreed-upon SOWs.

40. TalentQuest has been damaged by IHCT's breach in the amount of $124,037.97, plus future late fees/pre-judgment interest, post-judgment interest, and attorneys' fees and other costs of this Action.

## COUNT III
## UNJUST ENRICHMENT

41. TalentQuest incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

---

diem rate to the 304 days between June 28, 2020 (the due date) and April 28, 2021, inclusive, yields $1,498.72 [$4.93 x 304].

42. In the alternative, TalentQuest has provided valuable products and services to IHCT, for which IHCT has not paid and from which IHCT has benefited unjustly.

43. IHCT been unjustly enriched and owes TalentQuest $124,037.97, plus future pre-judgment interest, post-judgment interest, and attorneys' fees and other costs of this Action.

## COUNT IV
## PROMISSORY ESTOPPEL

44. TalentQuest incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

45. In the alternative, IHCT has repeatedly made promises to TalentQuest to pay it for the value of the products and services TalentQuest has provided to IHCT.

46. TalentQuest has justifiably relied on those promises, to its detriment.

47. IHCT has failed to pay TalentQuest the money as promised.

48. IHCT owes TalentQuest $124,037.97, plus future pre-judgment interest, post-judgment interest, and attorneys' fees and other costs of this Action.

## COUNT V
**ATTORNEYS' FEES AND EXPENSES (O.C.G.A. § 13-1-11)**

49. TalentQuest incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

50. TalentQuest gave notice to IHCT of TalentQuest's intent to seek to enforce the attorneys' fees provision of the SOWs if IHCT did not pay the total amount owed to TalentQuest.

51. IHCT has failed to pay TalentQuest any amount on the unpaid invoices, much less the total amount owed.

52. TalentQuest is therefore entitled to recover its attorneys' fees and expenses under O.C.G.A. § 13-1-11, in an amount to be proven at trial.

## COUNT VI
**ATTORNEYS' FEES AND EXPENSES (O.C.G.A. § 13-6-11)**

53. TalentQuest incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

54. IHCT has acknowledged receipt and value of the products and services provided to it by TalentQuest but thus far has refused to make payment to satisfy the open account, while acknowledging that it owes the amount claimed.

55. IHCT has thus acted in bad faith, been stubbornly litigious, and caused

TalentQuest unnecessary trouble and expense.

56. TalentQuest is therefore entitled to recover its attorneys' fees and expenses under O.C.G.A. § 13-6-11, in an amount to be proven at trial.

## JURY DEMAND

TalentQuest hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, TalentQuest respectfully requests that the Court find in its favor and against Defendant, IHCT, and that the Court grant TalentQuest the following relief:

(a) An adjudication that Defendant IHCT has committed a breach on open accounts and/or has breached its agreements with TalentQuest, and is liable to TalentQuest;

(b) In the alternative, an adjudication that IHCT has been unjustly enriched and/or is liable to TalentQuest under the doctrine of promissory estoppel;

(c) An award of damages sufficient to compensate TalentQuest for Defendant's actions, in the current amount of $124,037.97, including $113,358.08 principal and $10,679.89 in late fees or pre-judgment

interest, plus future late fees or pre-judgment interest;

(d) An award of attorneys' fees and costs under O.C.G.A. §§ 13-1-11 and 13-6-11, plus future attorneys' fees and costs;

(e) An award of post-judgment interest to TalentQuest; and

(f) Such other and further relief as the Court may deem just and proper under the circumstances.

Dated: April 28, 2021.                    Respectfully submitted,

*/s/ Todd E. Jones*
Todd E. Jones
Georgia Bar No. 403925
tjones@taylorenglish.com
Ilene W. Berman
Georgia Bar No. 054930
iberman@taylorenglish.com

**TAYLOR ENGLISH DUMA, LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Phone: (770) 434-6868
Facsimile: (770) 434-7376

*Attorneys for TalentQuest, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14 point font, in compliance with Local Rule 5.1C.

*/s/ Todd E. Jones*
Todd E. Jones
Georgia Bar No. 403925
tjones@taylorenglish.com

Attorney for TalentQuest, LLC