IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TalentQuest, LLC,

          Plaintiff,

v.                                             Case No. 1:21-cv-1748-MLB

Immersive Healthcare
Technologies, Inc.,

          Defendant.

_____/

**OPINION & ORDER**

Plaintiff TalentQuest, LLC sued Defendant Immersive Healthcare Technologies, Inc. for the recovery of unpaid invoices. (Dkts. 1 ¶ 1; 8 ¶ 1.) Defendant failed to answer or otherwise respond. Plaintiff now moves for default judgment against Defendant. (Dkt. 11.) The Court grants in part and denies in part that motion.

**I.   Background**

Plaintiff provides HR-related software, consulting services, and learning content. (Dkt. 8 ¶ 7.) Defendant is a client of Plaintiff's so-called "bespoke learning content." (*Id.* ¶ 8.) As part of their business

relationship, Defendant executed several Statements of Work setting forth the scope of Plaintiff's products and services and the prices Defendant agreed to pay. (*Id.* ¶ 15.) The Statements of Work included the following provision entitled "PAYMENT TERMS":

> All fees will be due and payable within thirty (30) days of receipt of invoice. TalentQuest may assess Client a late fee of 1½% per month (not to exceed the maximum allowed under state law) on all sums not paid when due. Client agrees to pay any and all costs incurred in the collection of charges due and payable, including reasonable attorneys' fees, whether or not a suit or proceeding is instituted. TalentQuest, at its option, may suspend any services provided hereunder, in whole or in part, if TalentQuest does not receive any amount due and owing under this Agreement within thirty (30) days after the due date.

(*Id.* ¶ 17.)

At some point, Jeffrey Rollins (an "entrepreneur" who funded Defendant) was indicted for healthcare fraud. (*Id.* ¶¶ 12, 18.) Defendant then stopped paying almost all Plaintiff's outstanding invoices. (*Id.* ¶ 20.) The partially or fully unpaid invoices are attached to the complaint. (Dkt. 1-1.) They show Defendant owes Plaintiff more than $113,000 going back to June 2020. (*Id.*)[1] Plaintiff has repeatedly asked Defendant

---

[1] This amount Defendant owes Plaintiff incudes $10,000.00 on invoice 021924 since June 28, 2020; $21,200.00 on invoice 022227 since

to pay the invoices. (Dkt. 8 ¶ 23.) Dr. Thallemer (Defendant's CEO) repeatedly acknowledged the debt owed and promised payment in full. (Dkts. 8 ¶¶ 9, 24–27; 1-2.) Defendant did not do that. (Dkt. 8 ¶ 28.)

On March 19, 2021, Plaintiff's counsel sent Defendant and Dr. Thallemer a demand for payment in full, including late fees (at a rate of 1½% per month after thirty days from receipt of each invoice), by March 31, 2021. (Dkts. 8 ¶ 29; 1-3.) Plaintiff also said it would not seek its attorneys' fees if Defendant paid by the deadline. (*Id.*) Defendant did not do so. (Dkt. 8 ¶ 30.) As cold comfort, Dr. Thallemer continued promising to pay. (Dkts. 8 ¶¶ 31–32; 1-4.)

On April 28, 2021, Plaintiff sued Defendant, asserting claims for (1) breach on open account; (2) breach of contract; (3) unjust enrichment; (4) promissory estoppel; (5) attorneys' fees and expenses under O.C.G.A. § 13-1-11; and (6) attorneys' fees and expenses under O.C.G.A. § 13-6-11. (Dkts. 1 ¶¶ 34–56; 8 ¶¶ 34–56.) Plaintiff served Defendant on May 13,

---

September 28, 2020; $20,105.58 since September 28, 2020; $6,000.00 on invoice 022327 since November 1, 2020; $20,105.00 on invoice 022331 since November 1, 2020; $20,716.00 on invoice 022448 since December 4, 2020; and $15,231.50 on invoice 022449 since December 4, 2020. (Dkts. 8 ¶ 22; 1-1.)

2021. (Dkt. 6.) Plaintiff filed and served its supplemental complaint on June 2, 2021. (Dkt. 8; 11 at 7.) Defendant has not answered or otherwise made an appearance. The Clerk entered default against Defendant on June 15, 2021, and Plaintiff now moves for default judgment.[2] (Dkts. 10; 11.) Plaintiff seeks the liquidated principal amount of $113,358.08; accrued and unpaid interest through and including July 26, 2021 of $15,709.87, (with pre-judgment interest continuing to accrue from July 27, 2021 through the date of judgment); statutory and contractual attorneys' fees according to the statutory formula of 15% of the first $500 and 10% of the remaining principal and interest balance as of the date of judgment; court costs; and post-judgment interest to accrue at the legal rate provided by federal law. (Dkt. 11-1 at 4–5.)

As of the date of this order, Defendant still has filed nothing.

---

[2] Plaintiff only moves for default judgment as to its claims for breach on open account, breach of contract, and attorneys' fees and expenses. (Dkt. 11-1 at 2.) Plaintiff brought claims for unjust enrichment and promissory estoppel in the alternative to its contractually based claims. Plaintiff contends that, if the Court grants default judgment on the contractually based claims (counts I, II, and V) for the liquidated damages asserted, the Court may dismiss counts III, IV, and VI without prejudice. (*Id.* at 2 n.1.)

## II.   Legal Standard

If a defendant fails to plead or otherwise defend a lawsuit within the time required by Federal Rule of Civil Procedure 12(a)(1)(A), the clerk, upon motion, must enter default against the defendant pursuant to Rule 55(a). Fed R. Civ. P. 55. Pursuant to Federal Rule of Civil Procedure 55, "once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *Am. Auto. Ass'n, Inc. v. AAA Auto Sales, LLC*, No. 1:16-CV-01159, 2016 WL 10957245, at *1 (N.D. Ga. Oct. 20, 2016).

Once the clerk has entered default, "[t]he entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). The Eleventh Circuit, however, has made it clear that entry of judgment by default is not granted as a matter of right. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (per curiam) ("Because of our 'strong policy of determining cases on their merits,' . . . default judgments are generally disfavored." (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003))). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to

admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)).  Default judgment is warranted only when there is "a sufficient basis in the pleadings for the judgment entered." *Id.* (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[3]

The standard for determining what constitutes "a sufficient basis" for the judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)).  "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Id.*  As with a motion to dismiss, a court accepts all well-pleaded facts as true and determines whether those facts state a claim for relief that is plausible on its face. *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (per curiam) (citing *Surtain*, 789 F.3d at 1244–45).  The court, therefore, determines whether the plaintiff's allegations allow "the court to draw the reasonable inference that the defendant is liable for the

---

[3] In *Bonner v. City of Prichard*, 611 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

misconduct alleged." *Id.* (citing *Surtain*, 789 F.3d at 1245–46). If a complaint fails to state a claim, then default judgment cannot stand. *PNCEF, LLC v. Hendricks Bldg. Supply, LLC*, 740 F. Supp. 2d 1287, 1291 (S.D. Ala. 2010) (citing *Chudasama*, 123 F.3d at 1370 n.41).

"A court has an obligation to assure that there is a legitimate basis for any damage award it enters" in connection with a default judgment. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Pursuant to Rule 55(b), courts may enter such awards without holding an evidentiary hearing, but only if the amount is for a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).

## III. Discussion

The Court must ascertain what law governs the claim. Plaintiff invokes the Court's subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. "In diversity cases, the choice-of-law rules of the forum state determine what law governs." *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). For contract cases, "Georgia follows the traditional rule of *lex loci contractus*." *McGill v. Am. Trucking & Transp., Ins. Co.*, 77 F. Supp. 3d 1261, 1264 (N.D. Ga. 2015). Pursuant to this doctrine, "contracts are governed by

the law of the place where they were made." *Id.* (internal quotations omitted). A contract is made in "the place where the last act essential to the completion of the contract was done." *Shorewood Packaging Corp. v. Commercial Union Ins. Co.*, 865 F. Supp. 1577, 1578 (N.D. Ga. 1994) (internal quotations omitted). When the "last act" occurred in another state, Georgia's choice-of-law rules "limit the application of [that] jurisdiction's laws to statutes and decisions construing those statutes." *Trusted Data Sols., LLC v. Kotchen & Low, LLP*, No. 1:14-cv-1419, 2015 WL 11251959, at *3 (N.D. Ga. Feb. 6, 2015) (collecting cases). Thus, "when no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law." *Id.*

The record does not show where the parties signed the Statements of Work. But because Plaintiff's open account and breach of contract claims are not premised on the interpretation of a statute—but based on common law—the Court may apply Georgia law.

"A suit on open account is available as a simplified procedure to the provider of goods and services where the price of such goods or services has been agreed upon and where it appears that the plaintiff has fully performed its part of the agreement and nothing remains to be done

8

except for the other party to make payment." *Five Star Steel Constr., Inc. v. Klockner Namasco Corp.*, 524 S.E.2d 783, 785 (Ga. Ct. App. 1999) (internal quotations omitted). Plaintiff alleged Defendant breached its obligations through its default and failure to pay the amounts due on the account. (Dkt. 8 ¶ 35.) Plaintiff claims it has been damaged by Defendant's breach in the liquidated principal amount of $113,358.08, plus accrued and unpaid late fees/interest of $10,679.89 as of April 28, 2021, with pre-judgment interest continuing to accrue on the outstanding principal balance and with post-judgment interest to run in accordance with applicable law. (*Id.* ¶ 36.) Plaintiff attached copies of the partially or fully unpaid invoices. (Dkt. 1-1.) And at the time of filing the complaint, Defendant still had paid no portion of the outstanding amount. (Dkt. 8 ¶ 33.) Plaintiff is thus entitled to default judgment on its open account claim. *See Fisher & Phillips, LLP v. Amerex Envtl. Techs., Inc.*, 772 S.E.2d 59, 60 (Ga. Ct. App. 2015) (finding plaintiff entitled to default judgment because defendants had filed no documents or motions after they were served with the complaint and plaintiff's "complaint clearly set forth sufficient allegations to state a claim" since it "set out the invoice number, date and outstanding balance of each open

9

invoice"); *Sellers v. Nodvin*, 429 S.E.2d 138, 141 (Ga. Ct. App. 1993) ("By statutory definition, an action on an open account is considered an action for liquidated damages.")

The elements of a breach of contract claim in Georgia are "(1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015). Plaintiff alleges Defendant breached agreements with it by failing to pay for products and services provided to Defendant by Plaintiff pursuant to the terms of the agreed-upon Statements of Work. (Dkt. 8 ¶ 39.) Plaintiff claims it has been damaged by Defendant's breach in the amount of $124,037.97, plus future late fees/pre-judgment interest, post-judgment interest, and attorneys' fees and costs. (*Id.* ¶ 40.) Plaintiff's well-pleaded allegations establish a valid contract between it and Defendant, the latter of which who committed a breach by failure to pay. Defendant's non-performance resulted in damages to Plaintiff. Plaintiff is thus entitled to default judgment on its breach of contract claim.

"Once liability has been found, the district court has a great deal of discretion in deciding the level of damages to be awarded." *Stallworth v.*

*Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985). "While well-pleaded facts in the complaint are deemed admitted . . . allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365 (citing *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007)). There is no per se requirement that the Court hold an evidentiary hearing. *Id.*; *see also Gibson v. Kirkwood Bar & Grill, LLC*, No. 1:13-cv-00308, 2014 WL 632357, at *1 (N.D. Ga. Feb. 18, 2014) ("[A]n evidentiary hearing for a determination of damages is not *always* required; rather, it is a decision that is left to the discretion of the Court." ((citing *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011))). The Court may only award damages in connection with a default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Org. Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017). An evidentiary hearing is unnecessary here since Plaintiff's request for damages is capable of computation. Plaintiff seeks the liquidated principal amount of $113,358.08; plus accrued and unpaid

11

interest through and including July 26, 2021 or $15,709.87, (with pre-judgment interest continuing to accrue from July 27, 2021 through the date of judgment); together with attorneys' fees according to the statutory formula of 15% of the first $500 and 10% of the remaining principal and interest balance as of the date of judgment; court costs; and post-judgment interest to accrue at the legal rate provided by federal law. (Dkt. 11-1 at 4–5.)

After reviewing Plaintiff's complaint and attachments, as well as its motion for default judgment and attachment, the Court finds the information provided sufficient to determine damages. Plaintiff has provided copies of the partially or fully unpaid invoices, which show the amounts Defendant failed to pay—$113,358.08.[4] Plaintiff is thus entitled to $113,358.08.

The terms of the Statements of Work also specify Plaintiff is entitled to interest and attorneys' fees. (*Id.* ¶ 17.) Under O.C.G.A. § 7-4-16, "[t]he owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30

---

[4] The Court notes invoice 021924 was partially paid, but Defendant still owes $10,000.00 of the total amount. (Dkt. 8 ¶ 22.)

days or more at a rate not in excess of 1 1/2 percent per month calculated on the account owed from the date upon which it became due and payable until paid." O.C.G.A. § 7-4-16. Georgia courts have held that

> awards of interest [for commercial accounts] under OCGA § 7-4-16 are appropriate where the exact rate of interest sought is specified in a contract, agreement, or invoice, or in a section of the pretrial order which specifically indicates which party seeks the interest; or where the aforementioned documents specifically referenced the statute.

*Carrier Corp. v. Rollins, Inc.*, 730 S.E.2d 103, 112 (Ga. Ct. App. 2012) (collecting cases). The Statements of Work state Plaintiff may assess Defendant a late fee of 1½% per month on all sums not paid when due. (Dkt. 8 ¶ 17.) "It is the law of this State that a recovery of pre-judgment interest pursuant to OCGA § 7-4-16 requires a pre-trial invocation of the applicability of that provision." *Gold Kist Peanuts v. Alberson*, 342 S.E.2d 694, 697 (Ga. Ct. App. 1986). The Statements of Work, complaint, and demand letter all specified the interest rate of 1½% per month (or 18% per year). *See Spears v. Allied Eng'g Assocs.*, 368 S.E.2d 818, 820 (Ga. Ct. App. 1988) (Georgia courts have consistently held "the request must specify the interest rate sought"). Plaintiff informed Defendant multiple times it intended to collect this interest rate on any invoices that remained unpaid after 30 days. Plaintiff is thus entitled to O.C.G.A. §

13

7-4-16's 18% prejudgment interest rate.  Plaintiff is thus awarded $20,238.95 in pre-judgment interest.

Under O.C.G.A. § 13-1-11, where, as here, a contract provides for the payment of attorneys' fees without listing a specific percent, the provision is construed to mean "15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." O.C.G.A. § 13-1-11(a)(2).

> As a precondition of a § 13-1-11 attorney's fee award, the party seeking fees must issue a demand notice, which must (1) be in writing; (2) to the party sought to be held on the obligation; (3) after maturity; (4) state that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced; and (5) state that the party has ten days from the receipt of such notice to pay the principal and interest without the attorney fees.

*Turbine Engine Components Techs. Corp. v. B.H. Aircraft Co., Inc.*, No. 7:09-CV-86, 2010 WL 55911, at *1 (M.D. Ga. Jan. 4, 2010); *see also FAS Capital, LLC v. Carr*, 7 F. Supp. 3d 1259, 1269 (N.D. Ga. 2014) (holding that O.C.G.A. § 13-1-11 supports an award of fees "subject to the following conditions: (1) the note contains an attorney's fee provision, (2) the debt owed under the note has matured, (3) the debtor was notified that he can avoid liability for attorney's fees by paying the debt within

14

ten days of his receipt of the notice, (4) the ten day period has expired, and (5) the debt is collected by or through an attorney"). Plaintiff attached such demand notice to its complaint. (Dkt. 1-3.) And Plaintiff alleged the required ten-day letter was sent to Defendant by electronic mail and U.S. mail. (Dkt. 8 ¶ 29.) *See Upshaw v. S. Wholesale Flooring Co.*, 398 S.E.2d 749, 752 (Ga. Ct. App. 1990) ("The complaint and the attachments thereto gave sufficient notice to [the debtor] of [the noteholder's] intent to collect attorney's fees."); *Long v. Hogan*, 656 S.E.2d 868, 870 (Ga. Ct. App. 2008) ("[T]en-day notice in complaint is sufficient."). Plaintiff claims that despite its request, Defendant did not make any payments before the ten-day period expired. (Dkt. 8 ¶ 30.) Plaintiff has thus fulfilled its obligations and is entitled to attorney's fees in the amount of $13,384.70.

Plaintiff also seek court costs, but it has provided no details regarding such court costs. The Court thus does not find sufficient cause to award any such alleged costs. Plaintiff shall thus be awarded $146,981.73 ($113,358.08 in the liquidated principal amount; $20,238.95 in interest; and $13,384.70 in attorneys' fees). Post-judgment interest

15

shall accrue beginning on the date of entry of this order, bearing the rate specified under federal law, 28 U.S.C. § 1961.

## IV. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Final Default Judgment Against Defendant. (Dkt. 11.) The Court **DIRECTS** the Clerk to enter judgment against Defendant in the amount of $146,981.73.

**SO ORDERED** this 15th day of October, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE